**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAN B. LAIN, TRUSTEE OF THE DUNE PLAN TRUST,**<br><br>***Plaintiff***<br><br>**VS**<br><br>**JAMES A. WATT; FRANK T. SMITH, JR.; HAL L. BETTIS; AMIEL DAVID; ALAN GAINES; ALAN D. BELL; ALEXANDER A. KULPECZ, JR.; EMANUEL R. PEARLMAN; ERIC R. STEARNS; JOHN R. BRECKER; MARJORIE L. BOWEN; MICHAEL R. KEENER; RICHARD M. COHEN; ROBERT A. SCHMITZ; STEPHEN P. KOVACS; STEPHEN BARRENCHEA; STEVEN M. SISSELMAN; AND WILLIAM E. GREENWOOD,**<br><br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Removed from Cause No. 90698-CV in the 149th Judicial District Court of Brazoria County, Texas<br><br>**CASE NO. ____________________** |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**PLEASE TAKE NOTICE** that on this date, Defendants James A. Watt, Frank T. Smith Jr., Hal L. Bettis, Amiel David, Alan Gaines, Alan D. Bell, Alexander A. Kulpecz, Jr., Emanuel R. Pearlman, Eric R. Stearns, John A. Brecker, Marjorie L. Bowen, Michael A. Keener, Richard M. Cohen, Robert A. Schmitz, Steven P. Kovacs, Steven Barrenchea, Steven M. Sisselman, and William E. Greenwood (collectively, the "Defendants"), by and through their undersigned attorneys, file this Notice of Removal of the state court action styled *Dan B. Lain, Trustee of the Dune Plan Trust*[1] *v. James A. Watt, et al.*, Cause No. 90698-CV, in the 149th Judicial District of Brazoria County, Texas (the "State Court Action") pursuant to 28 U.S.C. § 1441, 28 U.S.C. §

[1] Mr. Lain is referred to herein as the "Litigation Trustee."

1452, and Fed. R. Bankr. P. 9027, and Local Bankruptcy Rule 9027-1 removing this entire action from the District Court of Brazoria County, Texas (the "Texas State Court") to the United States District Court for the Southern District of Texas (the "Court"). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

In support of this Notice of Removal, Defendants state as follows:

**A. Background**

1. On March 8, 2015, Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc. (collectively, the "Debtors"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Western Texas Bankruptcy Court"). The cases (the "Dune Chapter 11 Cases") are pending before the Honorable H. Christopher Mott and are jointly administered under Case No. 15-10336.

2. On September 17, 2015, the Western Texas Bankruptcy Court held a combined hearing to consider confirmation of a plan of reorganization (the "Dune Plan") which, *inter alia*, called for the creation of a plan trust (the "Dune Plan Trust"). On September 18, 2015, the Western Texas Bankruptcy Court entered an order confirming the Plan. On September 30, 2015, the Effective Date of the Plan occurred and the Plan was consummated.

3. On or about March 7, 2017, the Litigation Trustee commenced the State Court Action by filing the Plaintiff's Original Petition in the District Court of Brazoria County, Texas, where it is pending as Civil Action No. 90698-CV. A true and accurate copy of the Plaintiff's Original Petition in the State Court Action (the "Petition") is attached hereto as Exhibit A. On or about March 8, 2017, the Litigation Trustee filed a First Amended Petition in the State Court Action (the "Amended Petition"), which is attached hereto as Exhibit B.

4. In the Amended Petition, the Litigation Trustee alleges that he is entitled to a monetary judgment based on a number of claims, and that the Litigation Trustee is entitled to the avoidance of pre-petition transfers pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B), 550, 551, and applicable state law.

5. Defendants have not been served with the Petition or the Amended Petition as of the date of filing of this Notice of Removal but various of the Defendants first became aware of the filing of the Petition on March 7, 2017. Accordingly, the time for removal prescribed by 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3) has not expired and this Notice of Removal is timely.

6. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1452(a), the State Court Action may be removed to this Court and then transferred to the Western District of Texas, where the Dune Chapter 11 Cases are pending, upon the filing of a Motion to Transfer. The Defendants intend to file a Motion to Transfer after the filing of this Notice of Removal.

**B. <u>Federal Question Jurisdiction</u>**

7. Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that "aris[e] under title 11, or aris[e] in or [are] related to cases under title 11" of the United States Code.

9. The Litigation Trustee has brought claims pursuant to 11 U.S.C. §§ 544(b), 548(a)(1)(B), 550, and 551. *See* Amended Petition at 66-67. Accordingly, this Court has

original jurisdiction over the Petition. Indeed, claims asserted under the Bankruptcy Code such as the claims pursuant to Section 548 cannot be asserted in state court, and must be asserted in federal court. *See In re PRS Ins. Grp., Inc.*, 335 B.R. 77, 83–84 (Bankr. D. Del. 2005) (holding Ohio state court lacked concurrent jurisdiction over adversary proceedings arising under Section 548 of the Bankruptcy Code).

10. The 149th Judicial District Court of Brazoria County, Texas is within the Southern District of Texas, and accordingly removal to the Southern District of Texas is proper pursuant to 28 U.S.C. §§ 1446(a) and 1452(a).

## C. Bankruptcy Jurisdiction

11. Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that "aris[e] under title 11, or aris[e] in or [are] related to cases under title 11" of the United States Code.

12. Under 28 U.S.C. § 1452(a) "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or action under § 1334 of this Title."

13. This action "arises in" the Dune Chapter 11 Cases and arises under the Bankruptcy Code. The Litigation Trustee's avoidance claims included in the Petition "arise in" the Dune Chapter 11 Cases because (among other reasons) they are asserted by the Litigation Trustee as the successor purportedly authorized under the Dune Plan to prosecute avoidance claims under Bankruptcy Code Section 548, and (in some cases) duplicate claims made in the Western Texas Bankruptcy Court. The Litigation Trustee asserts that he has the rights and powers of an actual creditor pursuant to Bankruptcy Code Section 544(b) holding a claim allowable under Section 502 of the Bankruptcy Code. Amended Petition, ¶¶ 216, 226.

14. This case also is "related to" the Dune Chapter 11 Cases because it has a close nexus to the bankruptcy proceedings and the Dune Plan. The Litigation Trustee asserts that the Dune Plan Trust was formed and that the Litigation Trustee was appointed pursuant to the Plan. Amended Petition, ¶ 5. Action by the Litigation Trustee may require interpretation of the provisions of the Dune Plan on which the Litigation Trustee bases his authority to ring these claims. *See Rahl v. Bande*, 316 B.R. 127, 133 (S.D.N.Y. 2004) ("A proceeding may have a 'significant connection' with a Chapter 11 bankruptcy case subsequent to confirmation of a plan when resolution of the dispute requires the interpretation of the plan of reorganization and implementation of that plan.").

15. Furthermore, the Dune Plan provides for the broad retention of jurisdiction over post-confirmation matters arising out of or related to the Dune Chapter 11 Cases. *See* Dune Plan § 13.1.

16. The 149th Judicial District Court of Brazoria County, Texas is within the Southern District of Texas, and accordingly removal to the Southern District of Texas is proper pursuant to 28 U.S.C. §§ 1446(a) and 1452(a). Following removal, Defendants currently anticipate seeking to transfer venue to the Western District of Texas based on the ongoing Dune Chapter 11 Cases.

17. Pursuant to 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(c), a copy of this Notice of Removal will be promptly filed with the Clerk of the District Court of Brazoria County, Texas, and a copy of this Notice of Removal will be served upon counsel for the Litigation Trustee.

18. Pursuant to Fed. R. Bankr. P. 9027(a)(1), the Defendants consent to the entry of a final order by the Bankruptcy Court with respect to any non-core claim within the meaning of 28 U.S.C. § 157(b)(2).

19. All pleadings, process, orders, and other filings in the State Court Action are attached hereto as required by Fed. R. Bankr. P. 9027(a) and Bankruptcy Local Rule 9027-1(b).

20. The names and addresses of the parties and counsel in the State Court Action are as follows:

| | |
|---|---|
| **Counsel for Plaintiff Dan B. Lain, Trustee of the Dune Plan Trust** | Samuel Stricklin<br>Stricklin Law<br>Palisade Central II<br>2435 North Central Expressway<br>Suite 1200<br>Richardson, Texas 75082<br>(972) 238-8687<br>sam.stricklin@stricklaw.pro |
| **Counsel for Defendants James A. Watt, Frank T. Smith, Jr., Hal L. Bettis, Amiel David, Alan Gaines, Alan D. Bell, Alexander A. Kulpecz, Jr., Emanuel R. Pearlman, Eric R. Stearns, John R. Brecker, Marjorie L. Bowen, Michael R. Keener, Richard M. Cohen, Robert A. Schmitz, Stephen P. Kovacs, Steven Barrenchea, Steven M. Sisselman, and William E. Greenwood** | John F. Higgins<br>Alison P. Henderson<br>Porter Hedges LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6648<br>Facsimile: (713) 226-6248<br>jhiggins@porterhedges.com<br>ahenderson@porterhedges.com<br><br>OF COUNSEL:<br><br>Sigmund S. Wissner-Gross<br>Kenneth J. Aulet<br>Brown Rudnick LLP<br>7 Times Square<br>New York, New York 10036<br>Telephone: (212) 209-4930<br>Facsimile: (212) 938-2804<br>swissner-gross@brownrudnick.com<br>kaulet@brownrudnick.com |

**WHEREFORE**, Defendants remove the entire action now pending in the 149th Judicial District Court of Brazoria County, Texas to this Court.

Dated: March 24, 2017.

**PORTER HEDGES LLP**

By: *<u>/s/ John F. Higgins</u>*
John F. Higgins
State Bar No. 09597500
Alison P. Henderson
State Bar No. 24087707
1000 Main Street, 36th Fl.
Houston, Texas, 77002
Telephone: (713) 226-6648
Facsimile: (713) 226-6248
Email: jhiggins@porterhedges.com
Email: ahenderson@porterhedges.com

– and –

**BROWN RUDNICK LLP**
Sigmund S. Wissner-Gross
Kenneth J. Aulet
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: swissner-gross@brownrudnick.com
Email: kaulet@brownrudnick.com

*Counsel for James A. Watt, Frank T. Smith Jr., Hal L. Bettis, Amiel David, Alan Gaines, Alan D. Bell, Alexander A. Kulpecz, Jr., Emanuel R. Pearlman, Eric R. Stearns, John A. Brecker, Marjorie L. Bowen, Michael A. Keener, Richard M. Cohen, Robert A. Schmitz, Steven P. Kovacs, Steven Barrenchea, Steven M. Sisselman, and William E. Greenwood, Defendants.*